# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SEAN COLPOYS,

     Plaintiff,

v.                                   Case No: 8:23-cv-1528-KKM-AAS

FUTURE MOTION, INC. and
ELITE WATERSPORTS, LLC,

     Defendants.

_____

## ORDER

Sean Colpoys sued Future Motion, Inc., and Elite Watersports, LLC, in state court for negligence and strict liability relating to an accident he had involving a OneWheel manufactured by Future Motion and sold by Elite Watersports. Compl. (Doc. 1-1) at ¶¶ 42, 49. Future Motion removed the case before Colpoys served Elite Water Sports, claiming that diversity of citizenship existed between Future Motion and Colpoys and 28 U.S.C. § 1441(b)(2) allowed removal before Elite Water Sports was joined. Not. of Removal (Doc. 1) at ¶ 10. Colpoys moved to remand, and Future Motion now consents. Mot. to Remand (Doc. 10); Consent to Remand (Doc. 15). Because complete diversity does not exist between the parties, the action is remanded.

United States district courts have diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). A defendant may remove any case in which a federal district court would have had original jurisdiction. *See* 28 U.S.C. § 1441(b). In removal cases, "the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 (11th Cir. 2001).

Here, as the parties seem to now agree, diversity jurisdiction does not exist. Consent to Remand; Joint Br. (Doc. 17). Colpoys is a citizen of Florida, while Future Motion is a citizen of Delaware and California. Notice of Removal ¶¶ 7–8; 28 U.S.C. § 1332(c) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."). Elite Watersports is a "Florida Limited Liability Company," and at least one of its members is a citizen of Florida. *See* Joint Br. at ¶2; *Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) ("For the purpose of determining diversity jurisdiction, 'a limited liability company is a citizen of any state of which a member of the company is a citizen.'"). Thus, both the plaintiff and one defendant are citizens of Florida, and diversity jurisdiction does not exist.

Future Motion's attempt to circumvent diversity jurisdiction fails. Section 1441(b)(2), the forum defendant rule, prevents removal of "otherwise removable" cases if

one of the defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). When evaluating whether the forum defendant rule applies, courts look to only defendants who are "properly joined and served." *Id.* But "with regard to whether the parties are diverse, removability should be determined according to the plaintiff's pleading at the time of the petition for removal.' " *Sierminki v. Transouth Fin. Corp.*, 216 F.3d 945, 948 (11th Cir. 2000). So the fact that Elite Watersports was not yet served does not matter for the diversity inquiry.

Accordingly, the following is **ORDERED**:

1. Plaintiff's Motion to Remand, (Doc. 10), is **GRANTED**.

2. The Clerk is directed to **REMAND** this action to the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida, and to transmit a certified copy of this order to the clerk of that court.

3. The Clerk is further directed to **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on August 17, 2023.

Kathryn Kimball Mizelle
United States District Judge

3